ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ERNEST J. GUADIANA, State Bar No. 276095
  *eguadiana@elkinskalt.com*
TYLER J. O'BRIEN, State Bar No. 325421
  *tobrien@elkinskalt.com*
10345 West Olympic Boulevard
Los Angeles, California  90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiff JCCRANDALL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JCCRANDALL LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>SANTA RITA HOLDINGS, INC., a California corporation;<br>KIM HUGHES, Trustee of the Hughes Land Holding Trust Dated 2/22/03;<br>ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE ESTATE, LIEN OR INTEREST IN THE REAL PROPERTY DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE No.<br><br>**VERIFIED COMPLAINT FOR:**<br>1. **VIOLATION OF 18 U.S.C. § 1961(c)**<br>2. **VIOLATION OF 18 U.S.C. § 1961(d)**<br>3. **QUIET TITLE TO EASEMENT USE;**<br>4. **PUBLIC AND PRIVATE NUISANCE; AND**<br>5. **DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4393899

Plaintiff JCCRANDALL LLC ("**Plaintiff**"), through this Verified Complaint for (1) Violation of 18 U.S.C. § 1961(c), (2) Violation of 18 U.S.C. § 1961(d), (3) Quiet Title to Easement, (4) Public and Private Nuisance, and (5) Declaratory Relief (the "**Complaint**"), complains and alleges as follows:

## THE PARTIES

1.     Plaintiff is a California limited liability company organized and existing under the laws of the State of California.  Plaintiff owns the real property commonly known as Santa Barbara County Assessor Parcel Nos. 099-110-006 and 099-110-016, which is more particularly described in **Exhibit A** attached hereto and incorporated herein (the "**Crandall Parcel**").

2.     Plaintiff is informed and believes, and on that basis alleges, that defendant Kim Hughes, as Trustee of the Hughes Land Holding Trust Dated 2/22/03 ("**Hughes**"), is the owner of the real property commonly known as Santa Barbara County Assessor Parcel Nos. 099-110-060 and 099-110-061, which is more particularly described in **Exhibit B** attached hereto and incorporated herein (the "**Hughes Property**").

3.     Plaintiff is informed and believes, and on that basis alleges, that defendant Santa Rita Holdings, Inc. ("**SRH**") leases the Hughes Property from Hughes.

4.     Plaintiff does not know the true names of defendants named as "All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud on Plaintiff's Title Thereto" (hereinafter referred to as the "**Unknown Defendants**"). Plaintiff is informed and believes and thereon alleges that these Unknown

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  Defendants, and each of them, claim some right, title, estate, lien or
2  interest in the portion of the Crandall Parcel at dispute in this action.

3      5.    Plaintiff is ignorant of the true names and capacities of
4  defendants named as Does 1 through 10, inclusive ("**Does**"), and
5  therefore sues these defendants by such fictitious names (Does, along
6  with Hughes, SRH, and the Unknown Defendants, are hereinafter
7  referred to as the "**Defendants**").  Plaintiff will amend this Complaint
8  to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

9
10     6.    The Court has subject matter jurisdiction over Plaintiff's
11 Racketeer Influenced and Corrupt Organizations Act ("**RICO**") claims
12 under 18 U.S.C. § 1964 and 28 U.S.C. § 1331.  Further, the Court has
13 supplemental jurisdiction over Plaintiff's state-law claims under 28
14 U.S.C. § 1367 because Plaintiff's claims all relate to the same core of
15 operative fact: Defendants' illegal cultivation of cannabis on the Hughes
16 Property, and the use of the Easement Road (defined below) traversing
17 the Crandall Property to conduct such illegal activities.

18     7.    Venue is proper in this Court under 28 U.S.C. § 1391(b)
19 because the Defendants reside in the Central District of California, a
20 substantial portion of the events giving rise to this suit occurred in the
21 County of Santa Barbara (the "**County**"), which lies in the Central
22 District of California, and the real property that is the subject of this
23 action is situated in the County.  Venue over Plaintiff's RICO claims is
24 also proper under 18 U.S.C. § 1965(a) because the Defendants reside in
25 the Central District of California and transact affairs in this District.

26
27
28

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# FACTUAL ALLEGATIONS

## SRH's Cultivation of Cannabis on the Hughes Property

8.     The Crandall Parcel lies immediately to the West and Northwest of the Hughes Property.  Both the Crandall Parcel and the Hughes Property do not have direct access to a public right-of-way.  Instead, the Crandall Parcel and the Hughes Property are accessed from the public right-of-way, Santa Rita Road, through a private road (the "**Easement Road**") created through that certain *Deed of Easement and Agreement Among Land Owners*, recorded as Document No. 88-061812 in the Official Records of Santa Barbara County (the "**Easement**"), which is attached hereto as **Exhibit C** and incorporated herein.

9.     The Easement governs use of the Easement Road.  Although Hughes has rights to use the Easement Road through the Easement, Plaintiff continues to own the fee interest in the portion of the Easement Road that traverses the Crandall Parcel.

10.    The Easement Road begins at a gated entrance off of Santa Rita Road located on the real property commonly identified as Santa Barbara County Assessor Parcel No. 099-110-015, which Plaintiff is informed and believes, and on that basis alleges, is owned by Jackson Family Investments III LLC.  The Easement Road then traverses easterly to the Crandall Parcel until eventually ending at the Hughes Property.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4393899

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499



*Figure 1. Overview of Properties at Issue*



*Figure 2. The Easement Road*

4393899

1   11.   When the Easement Deed was entered, cannabis activities

2   were prohibited under California and federal law.  As a result, Plaintiff's

3   predecessor-in-interest to the Crandall Parcel did not condone the

4   transportation of cannabis over the Crandall Parcel when negotiating

5   and entering the Easement Deed.

6   12.   Plaintiff is informed and believes, and on that basis alleges,

7   that SRH cultivates cannabis on the Hughes Property and sells the

8   cultivated cannabis.

9   13.   Plaintiff is informed and believes, and on that basis alleges,

10   that Hughes consents to SRH cultivating cannabis on the Hughes

11   Property, and obtains certain profits from the sale of cannabis by SRH.

12   14.   Plaintiff is informed and believes, and on that basis alleges,

13   that SRH uses the Easement Road to transport cannabis from the

14   Hughes Property to Santa Rita Road.

15   15.   Neither Hughes nor SRH sought consent from Plaintiff to

16   transport cannabis over the portion of the Easement Road that

17   traverses the Crandall Parcel.

18   16.   Although Plaintiff stated to Hughes and SRH that cannabis

19   cannot be transported over the Crandall Parcel, Plaintiff is informed

20   and believes, and on that basis alleges, that SRH still transports

21   cannabis over the Crandall Parcel.

22   **SRH Illegally Transports Cannabis over the Easement Road**

23   17.   Defendants are conducting cannabis-related activities over

24   the Crandall Parcel.

25   18.   The Controlled Substances Act of 1970, 21 U.S.C. §§ 801–971

26   (the "**Controlled Substances Act**"), is a federal law that places all

27   regulated substances into one of five schedules.  The placement scheme

28   is based upon the substance's medical use, potential for abuse, and

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

safety or dependence liability.  Cannabis is currently a Schedule I controlled substance, 21 C.F.R. § 1308.11(d)(31), and it is listed among a group of drugs that includes heroin and morphine.  *Id.* at (c)(11), (15).

19.    The recent legalization of cannabis under California law does not change the status of cannabis under federal law.  The Supremacy Clause of the U.S. Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in pursuance thereof … shall be the supreme Law of the Land…."  U.S. CONST. art. VI;  *see also Gonzales v. Raich*, 545 U.S. 1, 26 (2005) (confirming that the federal government can enforce the restrictions of the Controlled Substances Act on intrastate activities).  As one federal court explained, marijuana remains "contraband" under federal law and, "in the event of a conflict between federal and state law with regard to marijuana, 'federal law shall prevail'…."  *United States v. Parker*, 219 F. Supp. 3d 183, 188 (D.D.C. 2016) (citing *Raich*, 545 U.S. at 26).

20.    Due to the federal prohibition on cannabis, property used to facilitate the cultivation, distribution, and manufacturing of cannabis is subject to federal asset forfeiture laws, thus creating a risk that the federal government could seize such property.  18 U.S.C. §§ 983, 985; 21 U.S.C. §§ 853, 881.

21.    Due to the federal prohibition on cannabis, property owners can be charged with aiding and abetting a violation of the Controlled Substance Act.  18 U.S.C. § 2; 21 U.S.C. § 846.

22.    Because SRH's cannabis cultivation remains illegal at the federal level, Defendants' conduct is in violation of federal law.  Neither SRH nor Hughes can make use of, or seek to enforce the use of, the Easement Road for purposes of cannabis cultivation or cannabis transportation.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

23.     Dealing in marijuana is also racketeering activity under RICO, and those who engage in a pattern of racketeering activity through a corporation or other enterprise are liable for three times the economic harm they cause plus costs and attorneys' fees.  Those who conspire with racketeers by agreeing to assist them are likewise liable.  RICO also gives federal courts the power to order racketeering enterprises and their co-conspirators to cease their unlawful operations.

### FIRST CAUSE OF ACTION

### Violation of 18 U.S.C. § 1962(c)

(*All Defendants Except the Unknown Defendants*)

24.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

25.     RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]."  18 U.S.C. § 1964(c).

26.     Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

27.     Defendants Hughes, SRH, and Does (the "**RICO Defendants**") each violated this provision of 18 U.S.C. § 1962 by cultivating cannabis on the Hughes Property and transporting such cannabis over the Easement Road.

28.     ***Racketeering Activity.***  Because RICO defines as "racketeering activity" any "offense involving … the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance" *see* 18 U.S.C. § 1961(1)(D),

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Defendants committed "racketeering activity" through the cultivation of cannabis on the Hughes Property and the transportation of such cannabis over the Easement Road. On information and belief, the RICO Defendants engaged in such racketeering activity despite possessing actual knowledge that the cultivation, sale, and distribution of cannabis is illegal. On information and belief, the RICO Defendants used communication facilities to enter into their lease and their drug conspiracy in violation of 21 U.S.C. § 843(b). The RICO Defendants possess materials, goods, and facilities for the manufacture of cannabis in violation of 21 U.S.C. § 843(a)(6). Further, the RICO Defendants distributed, dispensed, and possessed with intent to distribute and dispense, the cannabis grown on the Hughes Property in violation of 21 U.S.C. § 841(a)(1). All of those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D).

29. ***Enterprise.*** Plaintiff is informed and believes, and on that basis alleges, that the RICO Defendants formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual and other relationships with each other, collaborating for the purpose of developing the Hughes Property for cannabis cultivation, and agreeing to sell that cannabis.

30. ***Pattern.*** Plaintiff is informed and believes, and on that basis alleges, that the RICO Defendants have each conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity. Plaintiff is informed and believes, and on that basis alleges, that they collectively entered into a lease under which the Hughes Property has been used to commit numerous crimes under the Controlled Substances Act, and that lease violates 21 U.S.C. § 856(a). *Id.* ("[I]t shall be unlawful to – (1) knowingly open, lease, rent, use, or

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance"). Plaintiff is informed and believes, and on that basis alleges, that the RICO Defendants also conspired, in violation of 21 U.S.C. § 846, to work together with the other members of the enterprise for the success of SRH's open-ended illegal recreational cannabis operation.

31. **Interstate commerce.** Plaintiff is informed and believes, and on that basis alleges, that funding, goods, and services procured by the enterprise have moved in interstate commerce, and the enterprise sells cannabis in interstate commerce.

32. **Culpable Persons.** Plaintiff is informed and believes, and on that basis alleges, that Hughes, SRH, and an unknown number of Does violated 18 U.S.C. § 1962(c) in the manner described above.

33. **Injury.** Plaintiff is informed and believes, and on that basis alleges, that the racketeering activities of the RICO Defendants have directly and proximately injured the Plaintiff's property. Specifically, the lease, construction, and operation of the marijuana facility on the Hughes Property in violation of 21 U.S.C. § 856 and the drug conspiracy of which those actions are a part directly and proximately injured Plaintiff's property by diminishing the Crandall Parcel's market value. In particular, the RICO Defendants' use of the Easement Road to distribute and dispense cannabis diminishes the property value of the Crandall Parcel. In addition, the RICO Defendants' use of the Easement Road to distribute and dispense cannabis in violation of the Controlled Substances Act subjects Plaintiff to the risk of forfeiture of its property under 18 U.S.C. §§ 983 & 985 and 21 U.S.C. §§ 853 & 881, and diminishes the value of the Crandall Parcel.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

34.   Plaintiff demands trial by jury for all issues relating to this claim.

## SECOND CAUSE OF ACTION
## Violation of 18 U.S.C. § 1962(d)

(*All Defendants Except the Unknown Defendants*)

35.   Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

36.   RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Plaintiff is informed and believes, and on that basis alleges, that the RICO Defendants agreed and conspired to violate 18 U.S.C. § 1962(c).

37.   The RICO Defendants each violated this provision of 18 U.S.C. § 1962 by conspiring to cultivate cannabis on the Hughes Property and to transport such cannabis over the Easement Road.

38.   ***Racketeering Activity.*** Because RICO defines as "racketeering activity" any "offense involving … the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance" *see* 18 U.S.C. § 1961(1)(D), Defendants committed "racketeering activity" through the cultivation of cannabis on the Hughes Property and the transportation of such cannabis over the Easement Road. On information and belief, the RICO Defendants engaged in such racketeering activity despite possessing actual knowledge that the cultivation, sale, and distribution of cannabis is illegal. On information and belief, the RICO Defendants used communication facilities to enter into their lease and their drug

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

conspiracy in violation of 21 U.S.C. § 843(b).  The RICO Defendants possess materials, goods, and facilities for the manufacture of cannabis in violation of 21 U.S.C. § 843(a)(6).  Further, the RICO Defendants distributed, dispensed, and possessed with intent to distribute and dispense, the cannabis grown on the Hughes Property in violation of 21 U.S.C. § 841(a)(1).  All of those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D).

39.  **Enterprise.**  The RICO Defendants formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual and other relationships with each other, collaborating for the purpose of developing the Hughes Property for cannabis cultivation, and agreeing to sell that cannabis.

40.  **Pattern.**  The RICO Defendants have each conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.  They collectively entered into a lease under which the Hughes Property has been used to commit numerous crimes under the Controlled Substances Act, and that lease violates 21 U.S.C. § 856(a).  *Id*. ("[I]t shall be unlawful to -- (1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance").  On information and belief, the RICO Defendants also conspired, in violation of 21 U.S.C. § 846, to work together with the other members of the enterprise for the success of SRH's open-ended illegal recreational cannabis operation.

41.  **Interstate commerce.**  Plaintiff is informed and believes, and on that basis alleges, that funding, goods, and services procured by the enterprise have moved in interstate commerce, and the enterprise sells cannabis in interstate commerce.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

42. ***Culpable Persons.*** Plaintiff is informed and believes, and on that basis alleges, that Hughes, SRH, and an unknown number of Does violated 18 U.S.C. § 1962(c), (d) in the manner described above.

43. ***Injury.*** Plaintiff is informed and believes, and on that basis alleges, that the racketeering activities of the RICO Defendants have directly and proximately injured the Plaintiff's property. Specifically, the lease, construction, and operation of the marijuana facility on the Hughes Property in violation of 21 U.S.C. § 856 and the drug conspiracy of which those actions are a part directly and proximately injured Plaintiff's property by diminishing the Crandall Parcel's market value. In particular, the RICO Defendants' use of the Easement Road to distribute and dispense cannabis diminishes the property value of the Crandall Parcel. In addition, the RICO Defendants' use of the Easement Road to distribute and dispense cannabis in violation of the Controlled Substances Act subjects Plaintiff to the risk of forfeiture of its property under 18 U.S.C. §§ 983 & 985 and 21 U.S.C. §§ 853 & 881, and diminishes the value of the Crandall Parcel.

44. ***Agreement.*** The RICO Defendants, for their mutual and individual profit, agreed and conspired to violate 18 U.S.C. § 1962(c) by forming an association-in-fact enterprise for the purpose of cultivating cannabis on the Hughes Property and transporting such cannabis over the Easement Road. The RICO Defendants knew that this unlawful scheme could only be accomplished through a pattern of racketeering activity, for maintaining a premise at which cannabis is cultivated and sold, cultivating and selling cannabis, and possessing the goods and materials needed to cultivate and process cannabis are all crimes under the Controlled Substances Act. *See, e.g.*, 21 U.S.C. §§ 841(a), 843(a)(6), 856.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

45.     Plaintiff demands trial by jury for all issues relating to this claim.

### THIRD CAUSE OF ACTION

### Quiet Title in Easement – Prohibition on Cannabis Transportation

(*Against All Defendants*)

46.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

47.     Plaintiff is informed and believes, and on that basis alleges, that the Easement does not allow Defendants to use the Easement Road to transport cannabis, since such cannabis transportation is prohibited under the Controlled Substances Act.

48.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' currently use, and intend to continue to use, the Easement Road to transport cannabis, in violation of the Controlled Substances Act.

49.     Plaintiff is informed and believes, and on that basis alleges that Defendants' transportation of cannabis over the portion of the Easement Road that traverses the Crandall Parcel subjects Plaintiff, as fee owner of the Crandall Parcel, to liability and criminal prosecution for aiding and abetting a violation of the Controlled Substance Act.

50.     Plaintiff seeks to quiet title in the Easement to permanently enjoin Defendants from conducting actions over the portion of the Easement Road that traverses the Crandall Parcel that violate laws, including without limitation the Controlled Substances Act, which actions specifically include the transportation of cannabis in violation of the Controlled Substances Act.

4393899

51.    Plaintiff demands trial by jury for all issues relating to this claim.

## FOURTH CAUSE OF ACTION

## Public and Private Nuisance Against All Defendants

(*Against All Defendants Except the Unknown Defendants*)

52.    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

53.    Plaintiff is informed and believes and thereon alleges that businesses engaged in cannabis cultivation — because it remains an illegal activity under federal law — cannot transact with banks, credit card issuers, and other financial institutions as other business routinely do.  As a consequence, cannabis enterprises must rely on the exchange of cash to conduct business.

54.    Because thieves and violent criminals target cash-intensive businesses, the presence of a cash-only cannabis enterprise increases the likelihood of crime on SRH's property and for SRH's neighbors, including Plaintiff.  The increased likelihood of crime poses a significant safety hazard and significantly interferes with Plaintiff's quiet enjoyment of its land.

55.    An ordinary person would reasonably be annoyed or disturbed by his or her land being used to carry out illegal enterprises and by the increased likelihood of crime attendant to an illegal, cash-intensive business.

56.    Because SRH's cannabis cultivation activities necessarily entail transporting cannabis illegally under federal law and will attract crime, Defendants' operation of a cannabis enterprise on the Hughes Property is injurious to health, indecent, offensive to the senses, and

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

unreasonably interferes with Plaintiff's free use of its property, thereby causing Plaintiff to suffer property damage and economic loss.

57.     By conducting such cannabis cultivation activities, Defendants have willfully and intentionally created a nuisance that constitutes a substantial obstruction to the free use of the Crandall Parcel.  Such nuisance is a substantial factor in causing Plaintiff's harm.

58.     The seriousness of the harm inflicted by Defendants outweighs the public benefit of Defendants' conduct.

59.     Plaintiff demands trial by jury for all issues relating to this claim.

## FIFTH CAUSE OF ACTION
## Declaratory Relief
(*Against All Defendants*)

60.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

61.     A present and actual controversy now exists between Plaintiff and Defendants, and each of them.  Plaintiff contends, among other things, that:

a.     Plaintiff is the current owner in fee of the Crandall Parcel;

b.     SRH is transporting, and plans to continue to transport, cannabis over the portion of the Easement Road that traverses the Crandall Parcel, in violation of the Controlled Substances Act and in excess of the scope of the Easement Deed; and

c.     Hughes consents to SRH transporting cannabis over the portion of the Easement Road that traverses the

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Crandall Parcel, in violation of the Controlled Substances Act, and financially benefits from such cannabis transportation.

62.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, contend that the Easement allows cannabis to be transported over the portion of the Easement Road that traverses the Crandall Parcel in violation of law, including without limitation the Controlled Substances Act.

63.    Defendants plan to force Plaintiff to endure illegal cannabis operations over the Crandall Parcel, without Plaintiff's consent and over Plaintiff's objections, which both exceeds the scope of the Easement and subjects Plaintiff to liability and criminal prosecution for aiding and abetting cannabis activities and which could subject the Crandall Parcel to seizure.

64.    Plaintiff therefore seeks a judicial declaration that Defendants, and each of them, lack any legal or equitable right to make use of or enter upon the portion of the Easement Road that traverses the Crandall Parcel for purposes of transporting cannabis, and all products derived from cannabis, in violation of any laws, including without limitation that Controlled Substances Act.

65.    Plaintiff also seeks a judicial declaration that Defendants, and each of them, lack any legal or equitable right to make use of or to enter upon the portion of the Easement Road that traverses the Crandall Parcel for purposes of transporting cannabis, and all products derived from cannabis, since such use exceeds the scope of the Easement, which Easement was never intended to allow the transportation of cannabis in violation of federal law.

66. Plaintiff also seeks a judicial declaration permanently enjoining Defendants from transporting cannabis over the portion of the Easement Road that traverses the Crandall Parcel.

67. A judicial determination is necessary and appropriate so that Plaintiff and Defendants may establish their rights associated with the Easement. Because Plaintiff may have no other adequate remedy at law, this relief is necessary and appropriate.

68. Plaintiff demands trial by jury for all issues relating to this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. On the First and Second Causes of Action, for a judgment awarding Plaintiff three times the damages to its property that was caused by the RICO Defendants' racketeering activities; and enjoining the RICO Defendants from continuing to engage in racketeering activities;

2. On the Third Cause of Action, for a judgment quieting title in the Easement that adjudges that actions that violate law, including cannabis transportation in violation of the Controlled Substances Act, may not be conducted on the portion of the Easement Road that traverses the Crandall Parcel;

3. On the Fourth Cause of Action for nuisance, for an award of all of Plaintiff's damages in an amount to be determined at trial and a judgment permanently enjoining the nuisance;

4. On the Fifth Cause of Action, for a judicial declaration that Defendants, and each of them, lack any legal or equitable right to make use of or enter upon the Easement Road for purposes of transporting

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

cannabis, and all products derived from cannabis, in violation of the Controlled Substances Act;

5.    On the Fifth Cause of Action, for a judicial declaration that Defendants, and each of them, lack any legal or equitable right to make use of or enter upon the Easement Road for purposes of transporting cannabis, and all products derived from cannabis, since such use exceeds the scope of the Easement;

6.    On the Third, Fourth, and Fifth Causes of Action, for a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Defendants, and each of them, from entering, traversing, or making use of any kind, of the portion of the Easement Road that traverses the Crandall Parcel for purposes of transporting cannabis and all products derived from cannabis in violation of the Controlled Substances Act;

7.    For attorneys' fees;

8.    For costs of suit in this action;

9.    For interest in all sums awarded; and

10.    For all other relief that the Court deems just and proper.

DATED:  December 17, 2021   ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By:      /s/ Ernest J. Guadiana

ERNEST J. GUADIANA
Attorneys for Plaintiff JCCRANDALL LLC

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

DocuSign Envelope ID: C485D36-EE19-4113-A5B7-157EB41459CA

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA**

I have read the foregoing ***VERIFIED COMPLAINT FOR: 1. VIOLATION OF 18 U.S.C. § 1961(c); 2. VIOLATION OF 18 U.S.C. § 1961(d); 3. QUIET TITLE TO EASEMENT USE; 4. PUBLIC AND PRIVATE NUISANCE; AND 5. DECLARATORY RELIEF*** and know its contents.

I am the managing member of JCCRANDALL LLC, a party to this action.  I am authorized by JCCRANDALL LLC to make this verification for and on its behalf. The factual matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___12/15/2021 | 4:38 PM PST___.

DocuSigned by:

DE5A28CAF54D4A7

Janna Caron Crandall

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

4388694

CRANDALL VERIFICATION TO VERIFIED COMPLAINT

# EXHIBIT A

# EXHIBIT A

**Portion of Section 14 & 23, Township 7 North, Range 33 West, S.B.B. & M.**

**PARCEL ONE:**      **APN 099-110-006-000 & 099-110-016-000**

The Southeast Quarter of the Southeast; the Northeast Quarter of the Southeast Quarter; and the South Half of the Northeast Quarter of Section 14 and the East Half of the Northeast Quarter of Section 23, both in Township 7 North, Range 33 West, S.B.B.&M., in the County of Santa Barbara, State of California, according to the Official Plat thereof.

**PARCEL TWO:**

A non-exclusive easement for ingress and egress and buried utilities along an existing roadway the center of which is described as follows:

Being a portion of the West half of the Northeast Quarter of Section 23 of said Township, Range, and Base Meridian, more particularly described as follows:

Commencing at the Southwest corner of the West half of the Northeast Quarter of said Section 23, said corner also being the center of said Section 23; thence Northerly along the Westerly line of the West half of the Northeast Quarter of said Section 23, said line also being the Easterly line of the Northeast Quarter of said Section 23, North 0°11'00" East 1054.71 feet to the "Point of Beginning", said point of beginning also being the beginning of a non-tangent curve, and the beginning of said easement, the centerline of which is described as follows:

Thence curving to the left along said centerline from a tangent which bears North 60°21'10" West, with a radius of 338.52 feet, through an angle of 11°04'10", for a distance of 65.40 feet; thence North 49°17'00" East, 57.49 feet to the beginning of a non-tangent curve; thence curving to the left from a tangent which bears South 82°44'10" East, with a radius of 373.60 feet, through an angle of 19°26'30", for a distance of 126.77 feet to the end of said curve and the beginning of a reversing curve; thence curving to the right with a radius of 316.09 feet, through an angle of 16°54'31", for a distance of 93.28 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the left with a radius of 785.83 feet, through an angle of 10°46'48", for a distance of 147.85 feet to the end of said curve; thence North 83°57'04" East, 436.90 feet to the beginning of a curve; thence curving to the left with a radius of 366.55 feet through an angle of 7°30'29", for a distance of 48.03 feet to the end of said curve; thence North 76°26'34" East, 112.48 feet; thence North 85°05'51" East, 77.49 feet to the beginning of a curve; thence curving to the right with a radius of 165.00 feet, through an angle 9°12'16", for a distance of 26.51 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the left with a radius of 116.75 feet, through an angle of 22°52'53", for a distance of 46.63 feet to the end of said curve; thence North 71°25'15" East, 66.62 feet to the

beginning of a curve; thence curving to the right with a radius of 120.28 feet, through an angle of 15°47'23", for a distance of 33.15 feet to the end of said curve; thence North 87°12'38" East, 20.45 feet to a point in the Easterly line of the West half of the Northeast Quarter of said Section 23, said point also being in the Westerly line of the East half of the Northeast Quarter of Section 23, 1266.41 feet Northerly of the Southeast corner of the West half of the

Northeast Quarter of said Section 23, said corner also being the Southwest corner of the East half of the Northeast Quarter, the Northwest corner of the Northeast Quarter of the Southeast Quarter, and the Northeast corner of the Northwest Quarter of the Southeast Quarter of said Section 23.

Said easement was granted to Irella F. Crandall et al., in document recorded September 27, 1988 as Instrument No. 88-61812 of Official Records, and is appurtenant to and for the benefit of Parcel One described above.

# EXHIBIT B

# EXHIBIT B

All that certain land situated in the State of California in the unincorporated area of the County of Santa Barbara, described as follows:

PARCEL ONE:

The North one-half of the Northwest one-quarter (1/4) and the Southeast one-quarter (1/4) of the Northwest one-quarter (1/4) of Section 24, Township 7 North, Range 33 West of San Bernardino Base and Meridian, in the County of Santa Barbara, State of California.

PARCEL TWO:

A non-exclusive easement for ingress and egress and buried utilities along an existing roadway appurtenant to the Northwest Quarter of Section 24, Township 7 North, Range 33 West, of the San Bernardino Base Meridian, Santa Barbara County, State of California, the center line of which is described as follows:

Being a portion of the West half of the Northeast Quarter of Section 23 of said Township, Range, and Base Meridian, more particularly described as follows:

Commencing at the Southwest corner of the West half of the Northeast Quarter of said Section 23, said corner also being the center of said Section 23; thence Northerly along the Westerly line of the West half of the Northeast Quarter of said Section 23, said line also being the Easterly line of the Northeast Quarter of said Section 23, North 0° 11' 00" East 1054.71 feet to the "POINT OF BEGINNING", said point of beginning also being the beginning of a non tangent curve, and the beginning of said easement, the centerline of which is described as follows:

thence curving to the left along said centerline from a tangent which bears North 60° 21' 10" West, with a radius of 338.52 feet, through an angle of 11° 04' 10", for a distance of 65.40 feet; thence North 49° 17' 00" East 57.49 feet to the beginning of a non tangent curve; thence curving to the left from a tangent which bears South 82° 44' 10" East, with a radius of 373.60 feet, through an angle of 19° 26' 30", for a distance of 126.77 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the right with a radius of 316.09 feet, through an angle of 16° 54' 31", for a distance of 93.28 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the left with aradius of 785.83 feet, through an angle of 10° 46' 48" for a distance of 147.85 feet to the end of said curve; thence North 83° 57' 04" East, 436.90 feet to the beginning of a curve; thence curving to the left with a radius of 366.55 feet through an angle of 7° 30' 29", for a distance of 48.03 feet to the end of said curve; thence North 76° 26' 34" East, 112.48 feet; thence North 85° 05' 51" East, 77.49 feet to the beginning of a curve; thence curving to the right with a radius of 165.00 feet through an angle of 9° 12' 16", for a distance of 26.51 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the left with a radius of 116.75 feet, through an angle of 22° 52' 53", for a distance of 46.63 feet to the end of said curve, thence North 71° 25' 15" East, 66.62 feet to the beginning of a curve; thence curving to the right with a radius of 120.28 feet, through an angle of 15° 47' 23", for a distance of 33.15 feet to the end of said curve; thence North 87° 12' 38" East, 20.45 feet to a point inthe Easterly line of the West half of the Northeast Quarter of said Section 23, said point also being in the Westerly line of the East half of the Northeast Quarter of said Section 23, 1266.41 feet Northerly of the Southeast Corner of the

West half of the Northeast Quarter of said Section 23, said corner also being the Southwest Corner of the East half of the Northeast Quarter, the Northwest Corner of the Northeast Quarter of the Southeast Quarter, and the Northeast Corner of the Northwest Quarter of the Southeast Quarter of said Section 23.

PARCEL THREE:

A non-exclusive easement for ingress and egress and buried utilities along an existing roadway appurtenant to the Northwest Quarter of Section 24 Township 7 North, Range 33 West, of the San Bernardino Base Meridian, Santa Barbara County, State of California, the center line of which is described as follows:

Being a portion of the East half of the Northeast Quarter of Section 23 of said Township, Range, and Base Meridian, more particularly described as follows:

Commencing at the Southwest Corner of the East half of the Northeast Quarter ofsaid Section 23, said corner also being the Southeast Corner of the West half of the Northeast Quarter, and the Northwest Corner of the Northeast Quarter of the Southeast Quarter, and the Northeast Corner of the Northwest Quarter of the Southeast Quarter of said Section 23; thence Northerly along the Westerly line of the East half of the Northeast Quarter of said Section 23, said line also being the Easterly line of the West half of the Northeast Quarter of said Section 23, North 0° 13' 19" East, 1266.41 feet to the "POINT OF BEGINNING", said point of beginning also being the beginning of said easement, the centerline of which is described as follows:

Thence North 87° 12' 38" East along said centerline, 32.48 feet to the beginning of a curve; thence curving to the right with a radius of 215.78 feet through an angle of 16° 51' 35", for a distance of 63.49 feet to the end of said curve; thence South 75° 55' 47" East 103.09 feet to the beginning of a curve; thence curving to the right with a radius of 252.00 feet, through an angle of 13° 42' 03", for a distance of 60.26 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the left with a radius of 137.25 feet, through an angle of 26° 22' 57", for a distance of 63.20 feet to the end of said curve; thence South 88° 36' 41" East, 108.95 feet to the beginning of a curve; thence curving to the left with a radius of 76.00 feet, through an angle of 50° 07' 29", for a distance of 66.49 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the right with a radius of 52.80 feet, through an angle of 70° 14' 14", for a distance of 64.72 feet to the end of said curve; thence South 68° 29' 55" East, 102.84 feet to the beginning of a curve; thence curving to the left with a radius of 351.27 feet, through an angle of 8° 08' 30", for a distance of 49.92 feet to the end of said curve; thence South 76° 38' 26" East, 150.01 feet; thence South 65° 07' 09" East, 116.16 feet to the beginning of a curve; thence curving to the left with a radius of 64.00 feet, through an angle of 47° 41' 16", for a distance of 53.27 feet tothe end of said curve, and the beginning of a reversing curve; thence curving to the right with a radius 73.50 feet, through an angle of 47° 02' 11", for a distance of 60.34 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the left with a radius of 73.78 feet, through an angle of 43° 24' 39", for a distance of 55.90 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the right with a radius of 139.83 feet, through an angle of 38° 19' 48", for a distnace of 93.55 feet to the end of said curve, and the beginning of a reversing curve; thence curving to the left with a radius of 307.26 feet, through an angle of 24° 19' 17", for a distance of 130.43 feet to a point in the

Easterly line of the East half of the Northeast Quarter of said Section 23, said point also being in the Westerly line of the Northwest Quarter of said Section 24, 1568.78 feet Southerly of the Northeast Corner of the East half of the Northeast Quarter of said Section 23, and also being the Northwest Corner of the Northwest Quarter of said Section 24, and being the Corner of Sections 13, 14, 23 and 24 of said Township and Range.

PARCEL FOUR:

A non-exclusive easement for ingress and egress and buried utilities appurtenant  to Parcel One above described as follows:

The Westerly 20 feet of the Southwest one-quarter (1/4) of the Northwest one-quarter (1/4) of Section 24, Township 7 North, Range 33 West of San Bernardino Base and Meridian, in the County of Santa Barbara, State of California.

EXCEPTING therefrom that portion thereof lying Southerly of the Easterly prolongation of the Southerly line of Parcel Three described above.

# EXHIBIT C

# EXHIBIT C

Documents provided by DataTree LLC via its Proprietary Imaging and delivery system. Copyright 2003. All rights reserved.

88-061812

RECORDING REQUESTED BY:

HAWS, RECORD & WILLIFORD

WHEN RECORDED MAIL TO:
David W. Magnusson, Esq.
HAWS, RECORD & WILLIFORD
201 East Figueroa Street
Santa Barbara, CA  93101

DOCUMENTARY TRANSFER TAX $ no consideration
☐ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED, OR
☐ COMPUTED ON FULL VALUE LESS LIENS & ENCUMBRANCES
REMAINING THEREON AT TIME OF SALE.

Signature of declarant or agent determining tax - firm name

## DEED OF EASEMENT AND AGREEMENT AMONG LAND OWNERS

THIS AGREEMENT is made and effective as of the date of
recording, by and between KIM HUGHES and CYNTHIA M. HUGHES,
hereinafter referred to jointly as "HUGHES", and LADISLAV KAROL
PEKAROVIC and MARIA PEKAROVIC, husband and wife, hereinafter
jointly referred to as "PEKAROVIC", and ROBERT M. IMMLER, as
trustee under the Will of JANE MARQUIS aka JANE CATO MARQUIS,
decedent, IRELLA F. CRANDALL, RICHARD R. CRANDALL JR., BRADFORD G.
CRANDALL, ANN CRANDALL BINGHAM, hereinafter jointly referred to
as "IMMLER".

WHEREAS, PEKAROVIC is the owner of certain real property
in the Santa Rita Canyon area, near Lompoc, County of Santa
Barbara, State of California, hereinafter described as "Parcel
A", and more particularly described as Parcel "A" as attached
hereto;

-1-

G:HUGH5.11

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

WHEREAS, IMMLER is the owner of certain real property in the Santa Rita Canyon area, near Lompoc, County of Santa Barbara, State of California, hereinafter described as "Parcel B", and more particularly described in Parcel "B" as attached hereto.

WHEREAS, HUGHES is the owner of certain real property in the Santa Rita Canyon area, near Lompoc, County of Santa Barbara, State of California, hereinafter described to as "Parcel C", and more particularly described in Parcel "C" as attached hereto.

WHEREAS, the parties are desirous of confirming rights and responsibilities between them as described in this document;

THEREFORE, it is agreed as follows:

1.  **Easement.**  PEKAROVIC with respect to Parcel "A" as a servient tenement, hereby grants to HUGHES with respect to Parcel "C" as the dominant tenement, the following easements over the now existing unimproved roadway:

a.  A non-exclusive easement for ingress and egress and underground utilities on, under, and over that portion of Parcel "A", described as Parcel "D" in Exhibit "D" attached hereto.

b.  A non-exclusive easement for maintenance, and repair of access and utilities described in Parcel "D".

c.  Easements granted in this paragraph are appurtenant to the dominant tenement.

2.  **Easement.**  IMMLER with respect to Parcel "B" as the servient tenement, hereby grants to HUGHES with respect to Parcel "C" as the dominant tenement the following easements over the now

-2-

G:HUGH5.12

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003. All rights reserved.

existing unimproved roadway:

a.  A non-exclusive easement for ingress and egress and underground utilities on, under, and over that portion of Parcel "B" described as Parcel "E", as attached hereto.

b.  A non-exclusive easement for maintenance, and repair of access and utilities described in Parcel "E".

c.  Easements granted in this paragraph are appurtenant to the dominent tenement.

3.  Easement.  PEKAROVIC with respect to Parcel "A" as a servient tenement, hereby grants to IMMLER with respect to Parcel "B" as the dominant tenement, the following easements over the now existing unimproved road:

a.  A non-exclusive easement for ingress and egress and underground utilities on, under, and over that portion of Parcel "A", described as Parcel "D" in Exhibit "D" attached hereto.

b.  A non-exclusive easement for maintenance, and repair of access and utilities described in Parcel "D".

c.  Easements granted in this paragraph are appurtenant to the dominant tenement.

4.  Surrender of other easement rights.  As a condition of the granting of the above easements, HUGHES, with respect to Parcel "C" as the dominent tenement, and Parcels "A" and "B" as servient tenements, hereby unconditionally abandons and surrenders any currently existing deeded rights to access to Parcel "C" over Parcels "A" and "B", or any rights to water or utilities to

-3-

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

Parcel "C" over Parcels "A" and "B" as they may exist in the pub-
lic records as of this date. HUGHES additionally abandons and
waives any claim for any easements, of whatever nature, for
access, water, or utilities as may exist by operation by law in
favor of Parcel "C" and over Parcels "A" and "B" as of the date
of the recording of this instrument. HUGHES has confirmed such
surrender by execution and delivery of quitclaim deeds to those
rights.

PEKAROVIC, as to Parcel "A", and IMMLER, as to Parcel
"B", both as dominant tenements, hereby waive any prescriptive
easement rights which they may have on Parcel "C", as a servient
tenement.

5. Santa Rita Road access. All parties acknowledge
that HUGHES has access to the deeded access easement to Parcel "C"
by use of the Santa Rita Canyon Road. All parties acknowledge
that maintenance by the County has been abandoned for that road.
PEKAROVIC and IMMLER do not warrant the current condition of the
road, and HUGHES accepts access over that road in an "as is" con-
dition. PEKAROVIC and IMMLER, and their successors, make no com-
mitment to maintain the Santa Rita Canyon Road beyond any duty
imposed by the law.

6. Gate. PEKAROVIC shall install and maintain a non-
decorative 20-foot wide gate (of the design previously provided)
near the junction of the deeded access described herein near the
Santa Rita Canyon Road at a location to be established by the
parties. The location of the gate shall not thereafter be

-4-

G:HUGH5.14

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003. All rights reserved.

changed except by prior written agreement by all parties.
HUGHES, PEKAROVIC, and IMMLER shall share keys or combinations of
any lock on the gate.

    7. **Utilities easement.** The easement for underground
utilities described above shall be a non-exclusive easement for
utilities as approved and required by Santa Barbara County stan-
dards. HUGHES may install underground utilities to Parcel "C"
at his expense. PEKAROVIC and IMMLER retain the right to provide
at their expense materials for installation to lateral connec-
tions provided by HUGHES at his expense for hook-ups to the uti-
lity lines at the time of original installation of the utilities.
If PEKAROVIC and IMMLER desire utility service at the time of
original installation, they shall obtain necessary permits and
approvals by August 10, 1988. HUGHES shall give at least four-
teen days written reasonable notice of the location and time of
installation of the utilities to allow PEKAROVIC and IMMLER to
provide hook-up devices, if desired, at the time of original
installation. If at the time of the original utility installa-
tion, PEKAROVIC and IMMLER desire to cooperate in the installa-
tion of utilities, they may do so provided they pay the increased
cost required by them. PEKAROVIC and IMMLER shall pay the dif-
ference between any utility installation costs required by HUGHES
for his property and any increased size of equipment needed
because of their respective requests.

    If PEKAROVIC or IMMLER fail to provide hook-up devices
at the time of the original installation, they retain the right

-5-

G:HUGH5.15

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

to hook into the utilities at their expense at any time in the future. PEKAROVIC and IMMLER shall obtain their own permits and approvals for hook-up to the installed lines at their own expense. However, any hook-up or tapping to existing utilities shall not diminish HUGHES' use below capacity or services of the utilities to Parcel "C" below the County standard. HUGHES shall not be required to increase the size of later installed utilities to accomodate PEKAROVIC and IMMLER. If the size of the road easement described herein is later modified, HUGHES retains the rights to relocate any utilities within any increased size of the easement, as approved by the county and utility companies.

HUGHES and IMMLER each shall be entitled to place utility meters and other utility-related equipment, including meters, pumps, valves, and equipment boxes. HUGHES shall be responsible for the preparation of the site at the time of original installation, which site shall not interfere with the access or reasonable use of the property by PEKAROVIC or IMMLER. The location of the equipment shall be selected by HUGHES, PEKAROVIC, and the utility companies on Parcel "A" at the junction of the deeded access and Santa Rita Canyon Road. The total surface area required for supplemental equipment shall not exceed 100 square feet. IMMLER shall be subject to these same requirements if IMMLER installs utility-related equipment.

8. Access. The easement for ingress and egress described above shall currently be used by HUGHES and IMMLER in

-6-

G:HUGH5.16

an unimproved road condition, at the minimum width acceptable to the County for ingress and egress, which currently is 12 feet. HUGHES shall maintain the access road in its current state or any improved state made by him at his sole expense. HUGHES has investigated the condition of the access road and accepts it in an "as is" condition, without warranty by PEKAROVIC and IMMLER. PEKAROVIC and IMMLER agree to execute such documents as may be necessary to provide two safety or fire turnouts on each of their parcels as may be required by County standards for the use of Parcel "C". The size of an approved turnout is 10 feet by 50 feet.

If the County so requires, the access road may be widened to a width not to exceed 20 feet, and improved with other conditions required, upon County approval of the use of Parcels "B" or "C" by HUGHES, or IMMLER, or their successors for a use in excess of current use. Upon any road expansion to a 20 foot width, any existing turnouts will be abandoned by HUGHES and IMMLER. Currently, Parcel "C" is used for agricultural activities, livestock grazing and one single-family residence.

9. <u>Temporary emergency access</u>. In case of destruction or severe damage to the deeded access route which effectively renders the route unusable, HUGHES shall have the right to a temporary emergency access over any then-existing road on Parcels "A" and "B" for such time as reasonably required to repair the deeded access route, but in no event more than six months.

-7-

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

10.  Successors.  This agreement shall bind and inure to the benefit of their respective heirs, representatives, successors, and assigns of whatever nature, of the parties hereto.

11.  Forfeiture of Easement Rights.  HUGHES will forfeit all easement rights described herein upon his failure to satisfy any payment due under those two promissory Notes secured by a Deed of Trust against Parcel "C" in the total sum of $17,500.00 in favor of PEKAROVIC and IMMLER, after PEKAROVIC or IMMLER have given sixty days written notice of default, and payment is not made.  HUGHES will execute a quitclaim deed of these easement rights upon demand if payment is not made after demand. PEKAROVIC and IMMLER will execute a cancellation of this paragraph of the Deed of Easement upon full satisfaction of the Notes.

12.  Further Documents.  All parties will cooperate and execute such documents as may be reasonably necessary to confirm the rights granted by this Deed of Easement.  HUGHES will be responsible for the cost of preparation of documents needed by him.

13.  Execution.  This Deed of Easement may be executed in counterparts.

DATED _July 26 - 88_

DATED _July - 26-88_

_Ladislav Karol Pekarovic_
Ladislav Karol Pekarovic,
Owner of Parcel "A"

_Maria Pekarovic_
Maria Pekarovic,
Owner of Parcel "A"

-8-

G:HUGH5.18

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.


**SAFECO**
TITLE INSURANCE

STATE OF CALIFORNIA                           } SS.
COUNTY OF   SANTA BARBARA
On this the      26th       day of     July          19 88 before me the undersigned, a
Notary Public in and for said County and State, personally appeared   LADISLAV KAROL PEKAROVIC
and MARIA PEKAROVIC

                       , personally known
to me or proved to me on the basis of satisfactory evidence to be the
person S    whose name S    subscribed to the within instrument
and acknowledged that   they executed the same.

_Signature of Notary_

**FOR NOTARY SEAL OR STAMP**

OFFICIAL SEAL
CATHERINE CONLEY
NOTARY PUBLIC - CALIFORNIA
SANTA BARBARA COUNTY
My Comm. Expires June 14, 1991

Ann Crandall Bingham,
Owner of Parcel "B"

DATED _Sept. 21, 1988_

Kim Hughes,
Owner of Parcel "C"

DATED _Sept. 21, 1988_

_Cynthia M. Hughes_
Cynthia M. Hughes,
Owner of Parcel "C"

CAT. NO. NN00627
TO 1944 CA (9-84)

**TICOR TITLE INSURANCE**

(Individual)

STATE OF CALIFORNIA
COUNTY OF  SANTA BARBARA           } SS.

On   SEPTEMBER  '21  1988      before me, the undersigned, a Notary Public in and for
said State, personally appeared  KIM HUGHES  and CYNTHIA M. HUGHES.

_____ , personally known to me or
proved to me on the basis of satisfactory evidence to be
the person S  whose name  are  subscribed to the
within instrument and acknowledged that  they  exe-
cuted the same.
WITNESS my hand and official seal.

Signature _____

OFFICIAL SEAL
F. JERALD HAWS
Notary Public - California
SANTA BARBARA COUNTY

My Comm. Exp. Oct. 4, 1991

(This area for official notarial seal)

G:HUGH5.19

DATED _September 15, 1988_

_Robert M. Immler, trustee_
Owner of Parcel "B"

DATED _____

_____
Irella F. Crandall,
Owner of Parcel "B"

DATED _____

_____
Richard R. Crandall, JR.,
Owner of Parcel "B"

DATED _____

_____
Bradford G. Crandall,
Owner of Parcel "B"

DATED _____

_____
Ann Crandall Bingham,
Owner of Parcel "B"

DATED _____

_____
Kim Hughes,
Owner of Parcel "C"

DATED _____

_____
Cynthia M. Hughes,
Owner of Parcel "C"

Subscribed and Sworn to before me
by _Appeared_

_Robert M. Immler_

this _15th_ day _September_ 88

_____ (Notary)
(Notary Public)



OFFICIAL SEAL
B. ROMERO
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. July 2, 1991

-9-

G:HUGH5.19

Documents provided by DataTree, LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

DATED _____

Robert M. Immler, trustee
Owner of Parcel "B"

DATED _Aug 19 1988_



Irella F. Crandall,
Owner of Parcel "B"

DATED _____

Richard R. Crandall, JR.,
Owner of Parcel "B"

DATED _____

Bradford G. Crandall,
Owner of Parcel "B"

DATED _____

Ann Crandall Bingham,
Owner of Parcel "B"

DATED _____

Kim Hughes,
Owner of Parcel "C"

DATED _____

Cynthia M. Hughes,
Owner of Parcel "C"

State of California )
                   )SS.
County of Monterey )

OFFICIAL SEAL
SALLY F. CALABRESE
NOTARY PUBLIC-CALIFORNIA
MONTEREY COUNTY-735797
My Commission Expires December 14, 19__

On this the day of August 19, 1988, before me,
Sally F. Calabrese, the undersigned Notary Public,
personally appeared Irella F. Crandall, personally
known to me to be the person whose name is subscribed
on this instrument and acknowledged that she executed
it.
WITNESS my hand and official seal. _Aug 19-1988_
SALLY F. CALABRESE, NOTARY PUBLIC

-9-

G:HUGH5.19

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

DATED _____          Robert M. Immler, trustee
                                    Owner of Parcel "B"


DATED _____          Irella F. Crandall,
                                    Owner of Parcel "B"


DATED  S-1-88                       Richard R. Crandall, Jr.,
                                    Owner of Parcel "B"


DATED _____          Bradford G. Crandall,
                                    Owner of Parcel "B"


DATED _____          Ann Crandall Bingham,
                                    Owner of Parcel "B"


DATED _____          Kim Hughes,
                                    Owner of Parcel "C"


DATED _____

---

STATE OF CALIFORNIA      )                                          (Acknowledgement)
                         ) ss.
County of __Los Angeles__

On this __1st__ day of ____August____, in the year 19 __88__, before me, __E. Johnson__, a Notary Public in and for the said County and State, residing therein, duly commissioned and sworn, personally appeared _____Richard R. Crandall, Jr._____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s):

(☒ INDIVIDUAL)                Whose name is subscribed to this instrument, and acknowledged
                              that he (she or they) executed it.

(☐ CORPORATION)               Who executed the within instrument as _____ president and
                              _____ secretary, on behalf of the corporation therein named, and
                              acknowledged to me that such corporation executed the within
                              instrument pursuant to its articles and by-laws and a resolution of
                              its Board of Directors.

(☐ PARTNERSHIP)               That _____ executed the within instrument on behalf of the part-
                              nership, and acknowledged to me that the partnership executed it.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, in and for said County and State,
the day and year first above written.

_____
Notary Public in and for said County and State of California
My commission expires:    10-21-90

FD-1B

Through the courtesy of —
Fidelity National Title
INSURANCE COMPANY

OFFICIAL SEAL
E JOHNSON
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My comm. expires OCT 21, 1990

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

DATED _____     Robert M. Immler, trustee
                              Owner of Parcel "B"

DATED _____     Irella F. Crandall,
                              Owner of Parcel "B"

DATED _____     Richard R. Crandall, JR.,
                              Owner of Parcel "B"

DATED    8/19/88              Bradford G. Crandall,
                              Owner of Parcel "B"

DATED _____     Ann Crandall Bingham,
                              Owner of Parcel "B"

DATED _____     Kim Hughes,
                              Owner of Parcel "C"

DATED _____     Cynthia M. Hughes,
                              Owner of Parcel "C"

STATE OF CALIFORNIA

COUNTY OF    MONTEREY          ss.

OFFICIAL SEAL
LINDA L PHILLIPS
NOTARY PUBLIC - CALIFORNIA
MONTEREY COUNTY
My comm. expires MAY 17, 1989

On this .....19th...... day of .. August........in the year ....................
nineteen hundred eighty eight...........................before me,
. Linda L. Phillips......................a Notary Public, State of California,
duly commissioned and sworn, personally appeared ..............................
.........Bradford G. Crandall...............................................
personally known to me (or proved to me on the basis of satisfactory evidence) to be
the person .... whose name .....is ..................................................
subscribed to this instrument, and acknowledged that .... he .... executed it.
   IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal
in the ... State of California ...........................................County of
... Monterey ............................................ on the date set forth above
in this certificate.

Notary Public, State of California

My commission expires       5/17/89

This document is only a general form which may be proper for use in simple transactions and in no way acts, or is intended to act, as a substitute for the advice of an attorney. The printer does not make any warranty, either express or implied as to the legal validity of any provision or the suitability of these forms in any specific transaction.

Cowdery's Form No. 32 — Acknowledgement to Notary Public - Individuals -- (C.C. Sec. 1189) — (Rev. 1·83)

G:HUGH5.19

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

DATED _____          Robert M. Immler, trustee
                                        Owner of Parcel "B"


DATED _____          Irella F. Crandall,
                                        Owner of Parcel "B"


DATED _____          Richard R. Crandall, JR.,
                                        Owner of Parcel "B"


DATED _____          Bradford G. Crandall,
                                        Owner of Parcel "B"

DATED  *8-15-88*                         Ann Crandall Bingham,
                                        Owner of Parcel "B"


DATED _____          Kim Hughes,
                                        Owner of Parcel "C"


DATED _____          Cynthia M. Hughes,


STATE OF CALIFORNIA          }
COUNTY OF Santa Clara        } SS.
On this 15th day of August in the year 1988
before me, the undersigned, a Notary Public in and for said County and State,
personally appeared Ann Crandall Bingham

personally known to me to be the person whose name is subscribed to this
instrument, and acknowledged that he (she or they) executed it.


Signature _____
          Notary Public in and for said County and State



FOR NOTARY SEAL OR STAMP

OFFICIAL SEAL
TAMARA T HUNT
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
My comm. expires SEP 2, 1988

**-9-**

G:HUGH5.19

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

## PARCEL "A

The West half of the Northeast Quarter of Section 23, and the West half of the Southeast Quarter of Section 14, all in Township 7 North, Range 33 West, San Bernardino Base and Meridian, in the County of Santa Barbara, State of California.

EXCEPTING from said lands all petroleum, gas, asphaltum, and other hydrocarbons, and other minerals, within or underlying, or that may be produced from said land, as reserved in the deed from Fullerton Oil Company, a corporation, to Maria L. Domingos dated March 5, 1947 and recorded March 21, 1947 in Book 724 at page 295 of Official Records of said County.

And, the Southeast Quarter of the Southwest Quarter, and the South 53-1/3rd rods of the Northeast Quarter of the Southwest Quarter of Section 14, the Northeast Quarter of the Northwest quarter, the East ten acres of the Southwest quarter of the Northwest Quarter, and all that portion of the Southeast Quarter of the Northwest Quarter laying Northerly and Westerly of the road from Lompoc to Los Alamos, and Section 23, all in Township 7 North, Range 33 West, San Bernardino Base and Meridian, in the County of Santa Barbara, excepting therefrom all coal, lignite, coal oil, petroleum, naphtha, asphaltum, brea, bitumen, natural gas, and other hydrocarbons substances in, under or upon said lands, as reserved in the deed from Frank F. Lewis, et ux., to A. P. Domingos et ux., dated October 19, 1927 and recorded November 23, 1927 in Book 34 at page 193 of Official Records in the office of the County Recorder of Santa Barbara County.

## PARCEL "B"

The South half of the Northeast Quarter, and East half of the Southeast Quarter of the Section 14, and East half of the Northeast One-quarter of Section 23, all in Township 7 North, Range 33 West, San Bernardino Base and Meridian, in the County of Santa Barbara, State of California.

## PARCEL "C"

The Northwest One-quarter of Section 24 in Township 7 North, Range 33 West, of San Bernardino Base and Meridian, in the County of Santa Barbara, State of California.

G:HUGH3.18

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

## PARCEL "D"

Being a non-exclusive easement for ingress and egress and buried utilities along an existing roadway appurtenant to the Northwest Quarter of Section 24, Township 7 North, Range 33 West, of the San Bernardino Base Meridian, Santa Barbara County, State of California, the center line of which is described as follows:

Being a portion of the West half of the Northeast Quarter of Section 23 of said Township, Range, and Base Meridian, more particularly described as follows:

Commencing at the Southwest Corner of the West half of the Northeast Quarter of said Section 23, said corner also being the Center of said Section 23; Thence northerly along the westerly line of the West half of the Northeast Quarter of said Section 23, said line also being the easterly line of the Northeast Quarter of said Section 23, North 0° 11' 00" East 1054.71 feet to the "POINT OF BEGINNING", said point of beginning also being the beginning of a non tangent curve, and the beginning of said easement, the Centerline of which is described as follows: Thence curving to the left along said Centerline from a tangent which bears North 60° 21' 10" West, with a radius of 338.52 feet, through an angle of 11° 04' 10", for a distance of 65.40 feet; Thence North 49° 17' 00" East, 57.49 feet to the beginning of a non tangent curve; Thence curving to the left from a tangent which bears South 82° 44'·10" East, with a radius of 373.60 feet, through an angle of 19° 26' 30", for a distance of 126.77 feet to the end of said curve, and the beginning of a reversing curve; Thence curving to the right with a radius of 316.09 feet, through an angle of 16° 54' 31", for a distance of 93.28 feet to the end of said curve, and the beginning of a reversing curve; Thence curving to the left with a radius of 785.83 feet, through an angle of 10° 46' 48", for a distance of 147.85 feet to the end of said curve; Thence North 83° 57' 04" East, 436.90 feet to the beginning of a curve; Thence curving to the left with a radius of 366.55 feet through an angle of 7° 30' 29", for a distance of 48.03 feet to the end of said curve; Thence North 76° 26' 34" East, 112.48 feet; Thence North 85°05' 51" East, 77.49 feet to the beginning of a curve; Thence curving to the right with a radius of 165.00 feet, through an angle 9° 12' 16", for a distance of 26.51 feet to the end of said curve, and the beginning of a reversing curve; Thence curving to the left with a radius of 116.75 feet, through an angle of 22° 52' 53", for a distance of 46.63 feet to the end of said curve; Thence North 71° 25' 15" East, 66.62 feet to the beginning of a curve; Thence curving to the right with a radius of 120.28 feet, through an angle of 15° 47' 23", for a distance of 33.15 feet to the end of said curve; Thence North 87° 12' 38" East, 29.45 feet to a point in the Easterly Line of the West half of the Northeast Quarter of said Section 23, said point also being in the Westerly line of the East half of the Northeast Quarter of said Section 23, 1266.41 feet Northerly of the Southeast Corner of the West half of the Northeast Quarter of said Section 23, said corner also being the Southwest Corner of the East half of the Northeast Quarter, the Northwest Corner of the Northeast Quarter of the Southeast Quarter, and the Northeast Corner of the Northwest Quarter of the Southeast Quarter of said Said Section 23.

reference attached "M·."

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

## PARCEL "E"

Being a non-exclusive easement for ingress and egress
and buried utilities along an existing roadway appurtenant to the
Northwest Quarter of Section 24, Township 7 North, Range 33 West,
of the San Bernardino Base Meridian, Santa Barbara County, State
of California, the center line of which is described as follows:

Being a portion of the East half of the Northeast Quarter
of Section 23 of said Township, Range, and Base Meridian, more
particularly described as follows:

Commencing at the Southwest Corner of the East half of the Northeast Quarter
of said Section 23, said corner also being the Southeast Corner of the West
half of the Northeast Quarter, and the Northwest Corner of the Northeast
Quarter of the Southeast Quarter, and the Northeast Corner of the Northwest
Quarter of the Southeast Quarter of said Section 23; Thence Northerly along
the Westerly Line of the East half of the Northeast Quarter of said Section
23, said line also being the Easterly Line of the West half of the Northeast
Quarter of said Section 23, North 0° 13' 19" East, 1266.41 feet to the
"POINT OF BEGINNING", said point of beginning also being the beginning of
said easement, the Centerline of which is described as follows: Thence North
87° 12' 38" East along said centerline, 32.48 feet to the beginning of a
curve; Thence curving to the right with a radius of 215.78 feet through an
angle of 16° 51' 35", for a distance of 63.49 feet to the end of said curve;
Thence South 75° 55' 47" East, 103.09 feet to the beginning of a curve;
Thence curving to the right with a radius of 252.00 feet, through an angle
of 13° 42' 03", for a distance of 60.26 feet to the end of said curve, and
the beginning of a reversing curve; Thence curving to the left with a radius
of 137.25 feet, through an angle of 26° 22' 57", for a distance of 63.20
feet to the end of said curve; Thence South 88° 36' 41" East, 108.95 feet to
the beginning of a curve; Thence curving to the left with a radius of 76.00
feet, through an angle of 50° 07' 29", for a distance of 66.49 feet to the
end of said curve, and the beginning of a reversing curve; Thence curving to
the right with a radius of 52.80 feet, through an angle of 70° 14' 14", for
a distance of 64.72 feet to the end of said curve; Thence South 68 29' 55"
East, 102.84 feet to the beginning of a curve; Thence curving to the left
with a radius of 351.27 feet, through an angle of 8° 08' 30", for a distance
of 49.92 feet to the end of said curve; Thence South 76° 38' 26" East,
150.01 feet; Thence South 65° 07' 09" East, 116.16 feet to the beginning of
a curve; Thence curving to the left with a radius of 64.00 feet, through an
angle of 47° 41' 16", for a distance of 53.27 feet to the end of said curve,
and the beginning of a reversing curve; Thence curving to the right with a
radius of 73.50 feet, through an angle of 47° 02' 11", for a distance of
60.34 feet to the end of said curve, and the beginning of a reversing curve;
Thence curving to the left with a radius of 73.78 feet, through an angle of
43° 24' 39", for a distance of 55.90 feet to the end of said curve, and the
beginning of a reversing curve; Thence curving to the right with a radius of
139.83 feet, through an angle of 38° 19' 48", for a distance of 93.55 feet
to the end of said curve, and the beginning of a reversing curve; Thence
curving to the left with a radius of 307.26 feet, through an angle of 24°
19' 17", for a distance of 130.43 feet to a point in the Easterly Line of
the East half of the Northeast Quarter of said Section 23, said point also
being in the Westerly Line of the Northwest Quarter of said Section 24,
1568.78 feet Southerly of the Northeast Corner of the East half of the
Northeast Quarter of said Section 23, and also being the Northwest Corner of
the Northwest Quarter of said Section 24, and being the Corner of Sections
13,14,23, and 24 of said Township and Range.

reference attach.